UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AVATAR REIT I, LLC, | |
|                 Appellant, | Case No.: 2:24-cv-02374-GMN |
| vs. | **ORDER GRANTING APPELLANT'S MOTION TO DISMISS** |
| SPACE SHADOW, LLC, *et al*. | |
|                 Apellees. | |

Pending before the Court is the Motion to Dismiss, (ECF No. 5), filed by Appellant Avatar Reit I, LLC ("Avatar"). Appellee Space Shadow LLC filed a Response, (ECF No. 6). Appellant did not reply. Because the parties agree that the appeal should be dismissed, the Court **GRANTS** Appellant's Motion to Dismiss.

I. **BACKGROUND**

This case arises from a Chapter 11 bankruptcy proceeding between Avatar and Space Shadow. (*See generally* Mot. Dismiss, ECF No. 5). Appellant appealed the Bankruptcy Court's Order granting Appellee's Motion to Sell the Real Property of the Debtor Free and Clear of Liens ("Sale Order"). (*Id*. 5:4–6). Appellant filed a Notice of Appeal of the Sale Order, and the case was assigned to this Court. (*See* Notice of Appeal, ECF No. 1). The Court ordered Appellant to file its Opening Brief by February 25, 2025. (*See* Minute Order, ECF No. 4). Appellant failed to file its Opening Brief by the deadline. In March 2025, Appellant filed the pending Motion to Dismiss arguing that the appeal is moot and should not proceed. (*See generally* Mot. Dismiss). Appellee does not object to dismissing the appeal but argues that the matter is not moot. (*See generally* Resp., ECF No. 6).

## II. LEGAL STANDARD

Federal Bankruptcy Rule 8023 governs voluntary dismissals of bankruptcy appeals. Pursuant to Rule 8023(b), "[a]n appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the district court." Fed. R. Bankr. 8023(b).

## III. DISCUSSION

Both parties agree that this bankruptcy appeal should be dismissed but disagree on the grounds for dismissal. Appellant seeks to voluntarily dismiss the appeal arguing that it is moot because there is no longer a sale contemplated between the Debtor and the Buyer. (*See generally* Mot. Dismiss). Appellee argues that the appeal is not moot because a sale is still being contemplated and the only obstacle hindering the Debtor from selling the property to the Buyer is this appeal. (Winterton Decl. ¶ 3–5, Ex. 1 to Resp., ECF No. 6-1). Appellee ultimately contends that the appeal is frivolous, and it should be dismissed for Appellant's failure to prosecute the appeal by failing to file an opening brief by the deadline imposed by the Court. (*See generally* Resp.).

The Court does not make a determination on whether the appeal is moot given the limited record available for review and the parties' conflicting assertions of whether a sale of the property is still contemplated. The Court likewise cannot dismiss the appeal for failure to prosecute because dismissal on these grounds requires the Court to give an appellant notice prior to dismissal. *See generally In re Wright*, 659 F. App'x 438 (9th Cir. 2016) (explaining that the district court properly warned appellant that a failure to file an opening brief on her own behalf would result in dismissal [and] gave her a 30–day extension of time to. . . file her opening brief . . . before dismissing the appeal for failure to prosecute). Accordingly, this

appeal is DISMISSED on the grounds that the parties agree that the matter should be dismissed.[1]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Appellant's Motion to Dismiss, (ECF No. 5), is **GRANTED.** The appeal is dismissed on the grounds that both parties agree that the appeal should be dismissed. The Clerk of Court is kindly instructed to close the case.

**DATED** this __21__ day of April, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[1] This Order does not make a determination on whether the appeal was frivolous and does not preclude Appellee from seeking fees and costs by separate motion pursuant to Fed. R. Bankr. P. 8020(a).