**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AVATAR REIT I, LLC,

                Appellant,

vs.

SPACE SHADOW LLC,

                Appellee.

Case No.: 2:24-cv-02374-GMN

**ORDER DENYING MOTION FOR SANCTIONS**

Pending before the Court is the Motion for Sanctions, (ECF No. 8), filed by Appellee Space Shadow LLC.  Appellant filed a Response, (ECF No. 9), to which Appellee replied, (ECF No. 12).  For the reasons discussed below, the Court DENIES the Motion for Sanctions.[1]

## I.    BACKGROUND

This action arises out of Appellant's appeal from bankruptcy court which it voluntarily moved to dismiss in March 2025. (*See* Mot. Dismiss, ECF No. 5).  The Court granted the Motion to Dismiss and closed the case on April 21, 2025.  On June 4, 2025, Appellee filed the Motion for Sanctions arguing that Appellant's appeal was frivolous. (*See generally* Mot. for Sanctions, ECF No. 8).

## II.    LEGAL STANDARD

Federal Rule of Bankruptcy Procedure ("FRBP") 8020 provides that district courts may award "just damages and single or double costs" to an appellee if an appeal is frivolous. Fed. R. Bankr. P. 8020.  "This rule is modeled after Federal Rule of Appellate Procedure 38 and cases examining appellate rule 38 guide [courts] in determining when an appeal is deemed frivolous

---

[1] The Court STRIKES Appellant's Supplement, (ECF No. 14), to the Motion for Sanctions for failure to seek leave of Court. LR 7-2(g) ("A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause.  The judge may strike supplemental filings made without leave of court.").

for purposes of Fed. R. Bankr. P. 8020." *In re Weinstein*, 227 B.R. 284, 297 (B.A.P. 9th Cir. 1998); *accord* Fed. R. Bankr. P. 8020 2014 Advisory Committee's Note.  Under Federal Rule of Appellate Procedure 38, "an appeal is frivolous when the result is obvious or the appellant's arguments are wholly without merit." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (internal quotations omitted).

## III.   **DISCUSSION**

Appellee argues that Appellant's appeal was factually and legally frivolous warranting an award of damages and attorney's fees and costs. (*See generally* Mot. Sanctions, ECF No. 8). Appellant opposes the Motion for Sanctions arguing that the motion was untimely filed and fails on the merits. (*See generally* Resp., ECF No. 9).  Because the issue of timeliness is dispositive of this motion, the Court only addresses Appellant's timeliness argument.

Appellant argues that a motion for sanctions under FRBP 8020(a) must be filed within 14 days of dismissal of the underlying appeal. (Resp. 10:22–24).  There is no provision in FRBP 8020(a) explicitly stating that motions for sanctions must be filed within 14 days of dismissal.  But it is clear that that the standards governing a motion for sanctions under FRAP 38 can guide the Court in resolving a motion brought under FRBP 8020. *In re Weinstein*, 227 B.R. at 297.  So, the Court considers what constitutes a timely motion under FRAP 38, to determine whether Appellee's FRBP 8020 motion is timely.

The Ninth Circuit has held that "[b]ecause Rule 38 provides a basis for an award of attorney's fees. . . a motion for sanctions pursuant to [FRAP] 38 should be filed within the time limits for filing a request for attorney's fees under Ninth Circuit Rule 39-1.6(a)." *In re Westwood Plaza N.*, 889 F.3d 975, 977 (9th Cir. 2018).  Ninth Circuit Rule 39-1.6(a) imposes a deadline for filing a motion for attorney's fees of 14 days after the expiration of the period for filing a petition for rehearing or, if rehearing is sought, 14 days after its disposition.  FRBP 8020(a), which is almost identical to FRAP 38, likewise provides a basis for an award of

attorney's fees—which Appellee invokes.  So, similarly to the *In re Westwood Plaza N.* court, this Court looks to other provisions in the FRBP that reference attorney's fees to see if a deadline is imposed in that instance.  The only portion of the FRBP that provides a deadline for attorney's fees is FRBP 7054, which incorporates the 14-day deadline from Federal Rule of Civil Procedure 54(d)(2)(B)(i).  Thus, in looking at both the FRAP and FRBP, a 14-day deadline appears to be the applicable standard.

In its Reply, Appellee summarily states that the Motion for Sanctions was timely filed but does not provide an alternative analysis for what the deadline was, if it was not a 14-day deadline.  It surely cannot be that there is no deadline to file such a motion.  Appellee argues at great length that Appellant is "quoting statutes that do not apply," (Reply 6:21, ECF No. 12), but case law is clear that FRAP 38 can guide courts when addressing motions under FRBP 8020(a), and in looking at cases applying FRAP 38, a 14-day deadline emerges.  Moreover, a 14-day deadline is contemplated by similar provisions of the FRBP and FRCP.  Under FRBP 8026 "[a] judge may regulate practice in any manner consistent with federal law, [FRBP] rules, the Official Forms, and the district's local rules" when there is no controlling law. Fed. R. Bankr. P. 8026(b).  The Court agrees with Appellant that similar provisions to FRBP 8020(a) invoke a 14-day deadline to file a motion for sanctions.  Thus, the Court finds that a 14-day deadline after dismissal of this case is consistent with similar rules in the FRAP, FRCP, and FRBP.

Here, the Court dismissed this case on April 5, 2025, and Appellee filed its Motion for Sanctions on June 4, 2025, well past the 14-day deadline.  Thus, the Motion for Sanctions is untimely and is therefore DENIED.

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that Appellee's Motion for Sanctions, (ECF No. 8), is **DENIED**.

**IT IS FURTHER ORDERED** that Appellant's Supplement, (ECF No. 14), is **STRICKEN**.

**DATED** this ___9___ day of March, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court